J. WILLARD BABBITT v. EDWARD D. KINNE, CIRCUIT JUDGE OF WASHTE- NAW COUNTY.

TRANSFER OF CAUSE.

Relator applied for *mandamus* to compel the respondent to transfer a probate appeal from Wayne county to Washtenaw county for trial, on the ground that the wife of one of the circuit judges of Wayne county was interested in the subject matter of the suit. An order to show cause was denied.

*J. Willard Babbitt*, for relator, contended:

1. That the intent of the Legislature in enacting How. Stat. § 6495, which provides for the transfer of civil suits or proceedings in law or in equity where the circuit judge is disqualified, was to assure to the moving party a fair and impartial trial. (For cases bearing upon the construction of and proper practice under said statute, see *Davidson v. Grand Trunk Elevator Co.*, 97 Mich. 456, and note. EDITOR.) That the law (section 18, chap. 96, Rev. Stat. 1848), existing at the time of the passage of the earlier statute (How. Stat. sec. 6468) prevented a circuit judge who was interested from sitting as such in the case, and the earlier statute also provided that upon good cause shown he might transfer the case to another circuit. What more then was needed to insure to the opposite party a fair and impartial trial? Certainly the disqualified j udge could not sit in the case, and the trial must be had. Then why pass the latter statute. There must have been some seeming difficulty to overcome not taken care of by the earlier statute. To this there is but one answer, namely, "the disqualified judge would not sit in the case, but would call in another judge to hear it; that then, without the interposition of the statute, he might say if application was made for a change of venue that having called in another and impartial judge there was no need of a change." That the Legislature in passing the latter act evidently saw the other dangers which threatened a fair and impartial trial in the court of the disqualified judge with his jury and his officers, even though the outside judge were to sit to hear the case; that there is no other reason for the passage of the latter act.

2. That it might as well be said that a fair trial could be had before an outside judge in a circuit having but one judge as in one having several judges; that the conditions are the same; that

the latter act (§ 6495) is aimed not at the judge who is disqualified, but at his court, otherwise the provision would have been in the alternative, either that the cause be transferred or that an outsider be called in to hear the case; that the disqualified judge could not under any circumstances try the case; that the existing law provided for that; so that there was not, at the time of the passage of the latter act, any possible fear of his sitting in the case, but he had the right to call another judge into his court; that the only fear of obtaining a fair trial was that it could not be had in his court, and so this safeguard was thrown around the party who happened to be so unfortunate as to be on the opposite side of the case.

3. That it is not the policy of the law or of the courts to favor the repeal of a law by implication; that when, as in this case, the evil aimed at by the latter act is in no wise changed by the Wayne circuit judges act (Laws of 1893), no other mode of transfer being there provided, there is no reason for supposing that a repeal was intended.

The facts as alleged in the petition for *mandamus* were:

*a*—That an appeal was, taken to the Wayne circuit court from an order of the judge of probate of Wayne county allowing probate of a will; that one of the chief beneficiaries named in the will and the proponent thereof was the wife of one of the circuit judges of Wayne county.

*b*—That an application was made by the contestants to the respondent for an order for the transfer of said appeal to the circuit court of Washtenaw county for trial; that on the hearing said application was denied, the respondent holding, among other things, that the circuit judges of Wayne county were honorable men. and that the granting of said application might be deemed a discourtesy.